UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONINA STAMPFL,

                Plaintiff,

-against-

SHERRI L. EISENPRESS; SHIRA KRANCE,

                Defendants.

23-CV-5789 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights.[1] By order dated July 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff's complaint reveals full names and other identifying information about her minor children. The Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis. If Plaintiff refers to a minor child in any future filings, she must comply with Rule 5.2 by referring to that minor child using only that child's initials.

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Antonina Stampfl filed this complaint against Rockland County Supreme Court Judge Sherri L. Eisenpress, and her law clerk, Shira Krance. Judge Eisenpress presided over matrimonial proceedings between Plaintiff and her ex-husband. *See Stampfl v. Stampfl.*, Ind. No.

030932/2017. Although a judgment of divorce was entered on November 24, 2021, Judge Eisenpress retained jurisdiction over the matter, adjudicating subsequently filed motions and handling other matters. (*Id.* at 4.) Plaintiff alleges that Judge Eisenpress has shown bias against Plaintiff in favor of her ex-husband, and retaliated against Plaintiff for complaining about this alleged favoritism.

In March 2020, during the pendency of the matrimonial proceedings in the Supreme Court, Plaintiff filed a family offense petition in Family Court and obtained a temporary order of protection against her ex-husband. (*Id.* Exh. A.) On November 1, 2020, Judge Eisenpress, sitting in Supreme Court, issued a temporary order of protection to Plaintiff's ex-husband without first conducting an evidentiary hearing. (*Id.* Exhs. A, B.) Plaintiff further claims that Judge Eisenpress: (1) "stripped away [Plaintiff's] parental rights with no evidence," removed her from the marital home, and imposed supervised visitation with her two children, based on false allegations that Plaintiff suffers from mental illness; (2) denied her the right to have a jury trial to determine the grounds for the divorce, as well as "matters regarding custody," spousal support, and "numerous fraudulent orders of protections"; and (3) issued, on April 29, 2022, two "gatekeeper" orders that imposed filing injunctions on Plaintiff in both Family Court and Supreme Court, "based upon numerous petitions for relief having been filed . . . by [Plaintiff] without a sufficient cause of action having been alleged or with redundant causes of action having been alleged . . . ." (*Id.* at 7-10, 25-26, Exh. C.) Plaintiff further asserts that Judge Eisenpress's law clerk, Krance, had an unspecified "past relationship" with Plaintiff's ex-husband. (*Id.* at 3-8.)

3

Plaintiff seeks the following relief:[2]

> I am respectfully requesting this Honorable Court to grant me the following declaratory relief: reaffirming my and my children's G-d given, unalienable, fundamental right to jury trial in the civil dispute between me and another individual (my former spouse), which happens to involve custody and visitation questions - no less important than an elementary monetary dispute brought, e.g., by former partners in front of a civil claims court, and certainly no less important than punishment-like tyrannical deprivation of G-d given mother-children freedom to be together. Similarly, I am seeking declaratory relief reaffirming my and my children's rights to Due Process and Equal Protection Under Law, and condemning the unimaginably prevalent and systemic violations of constitutional rights by Rockland County Supreme and Family Court, insidiously and methodically inflicted by and through various associated state government and quasi-government entities, utilizing plausible deniability and blatant refusal to oversee and impose accountability within the New York state bureaucratic structure.

(*Id.* ¶ IV.)

## DISCUSSION

Plaintiff asks the Court to vacate state court orders regarding spousal support and child custody, and pre-filing injunctions. As explained below, to the extent Plaintiff is asking the Court to overturn state court judgments and related orders, her claims are barred by the *Rooker-Feldman* doctrine. To the extent Plaintiff is challenging post-judgment decisions in ongoing state court proceedings, including decisions imposing a leave-to-file injunction, her claims are barred by the *Younger* abstention doctrine. Finally, even if the *Rooker-Feldman* and *Younger* doctrines did not apply, Plaintiff names defendants who are immune from suit.

### A.   *Rooker-Feldman* Doctrine

The Court understands Plaintiff to be asking the Court to review and overturn the judgments and related orders in her state court proceedings. Congress has vested appellate

---

[2] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

4

jurisdiction over state court judgments exclusively with the United States Supreme Court. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (["Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court. . . ."). A litigant seeking relief from a state court judgment may appeal within the state system and file a petition for a writ of *certiorari* to the United States Supreme Court. Federal district courts, such as this one, lack subject matter jurisdiction to review state court decisions.

Specifically, such claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp.*, 544 U.S. at 284 (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *see Harriot v. JP Morgan Chase Bank NA*, No. 16-CV-0211 (GBD), 2016 WL 6561407, at *3 (S.D.N.Y. Oct. 21, 2016) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments, including claims that are inextricably intertwined with a prior determination of a state court.") (internal quotation marks and citations omitted)). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, the *Rooker-Feldman* doctrine appears to preclude this Court's review. First, Plaintiff did not prevail in state court; her allegations suggest that a state court judge entered a judgment against her and denied various motions that she filed seeking to vacate that judgment. Second, Plaintiff complains that the judgment entered against her was based on bias and retaliatory animus. Her injuries are ones ultimately caused by the state court's judgment, whatever the motivation was behind that judgment. Third, Plaintiff specifically asks the Court to vacate the state court judgment. Plaintiff's invitation for the Court to review and reject the state court's judgment is further evidenced by her allegations pertaining to bias and retaliation in the state court matters. Finally, Plaintiff's allegations suggest that she filed this action after judgment was entered in the state court matters.

To the extent Plaintiff is asking this Court to review and vacate the judgment of the state Family Court, the Court dismisses those claims as barred by the *Rooker-Feldman* doctrine. *See Szymonik v. Connecticut*, No. 18-CV-0263 (MPS), 2019 WL 203117, at 3-5 (D. Conn. Jan. 15, 2019) (plaintiff's constitutional challenge to family court's imposition of leave-to-file injunction barred by *Rooker-Feldman* doctrine), *aff'd on other grounds*, 807 F. App'x 97 (2d Cir. 2020).[3]

**B.     *Younger* Abstention**

"A federal court's obligation to hear and decide a case is virtually unflagging," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quotation marks and citations omitted), and even in the presence of parallel state proceedings, abstention from the exercise of federal

---

[3] Although the underlying state court proceedings may be on-going, courts in this Circuit have routinely applied *Rooker-Feldman* despite pending state-court appeals. *See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 347 (E.D.N.Y. 2010) (collecting cases) (reasoning that the purpose of *Rooker-Feldman* is to prevent "federal courts (other than the Supreme Court) from reviewing and reversing unfavorable state-court judgments.") (internal quotation, citations, and alterations omitted).

jurisdiction is the "exception, not the rule." *Id.* at 81-82; *see also Gentes v. Osten*, No. 21-2022, 2022 WL 16984686, at *1 (2d Cir. Nov. 17, 2022) (where a court has subject matter jurisdiction, "it has a virtually unflagging obligation to exercise that jurisdiction"). But, to the extent that Plaintiff is asking the Court to grant injunctive and declaratory relief with respect to ongoing Family Court and Supreme Court proceedings, including any post-judgment proceedings, the Court must abstain from hearing those claims under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Because of the court's obligation to exercise its jurisdiction, *Younger* abstention is therefore appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

"The way that New York courts manage their own divorce and custody proceedings [is] a subject which '[New York has] an especially strong interest'" for the purposes of the third *Sprint* category of actions requiring *Younger* abstention. *See Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) (citation omitted). For this reason, "federal courts, including the Supreme Court, have applied the principles of *Younger* abstention in the context of ongoing post-judgment proceedings in state court." *Sargent v. Emons*, No. 3:13-CV-0863 (JBA), 2013 WL 6407718, at *4 (D. Conn. Dec. 9, 2013) (citing cases); *see Zahl v. Kosovsky*, 471 F. App'x 35, 36 (2d Cir. 2012) (affirming district court's

7

decision to apply *Younger* abstention to the plaintiff's "post-judgment matrimonial action that remained pending when [plaintiff] filed his federal complaint"); *Kelly v. New York*, No. 19-CV-2063 (JMA) (ARL), 2020 WL 7042764, at *5 (E.D.N.Y. Nov. 30, 2020) (refusing under *Younger* to "interfere in Plaintiff's on-going State Court post-judgment divorce and custody proceedings").

For these reasons, this Court will not interfere in Plaintiff's ongoing post-judgment proceedings in the Supreme Court and Family Court. The court's orders that Plaintiff challenges implicate New York's "interest in enforcing the orders and judgments of its courts" and were issued by the family courts "in furtherance of [their] ability to perform their judicial functions." *Sprint*, 571 U.S. at 72-73, 78; *see Bukowski v. Spinner*, 709 F. App'x 87, 88 (2d Cir. 2018) (affirming "the dismissal of [plaintiff's] complaint on the ground that federal-court abstention is required under *Younger* . . . insofar as [plaintiff] seeks declaratory or injunctive relief that would interfere with a '[s]tate court's ability to perform its judicial function in . . . [an ongoing] custody proceeding[ ].'" (quoting *Falco*, 805 F.3d at 425)).

Accordingly, the Court abstains from adjudicating Plaintiff's claims for injunctive or declaratory relief arising from the ongoing matrimonial action under the *Younger* abstention doctrine.[4]

---

[4] Some of Plaintiff's claims also appear to implicate the domestic relations abstention doctrine, which requires federal courts to abstain from exercising federal question jurisdiction of domestic relations issues such as divorce, child support payments and child custody. *See Deem v. DiMella-Deem*, 941 F.3d 618, 621-24 (2d Cir. 2019) (holding that federal district courts must abstain from exercising federal-question jurisdiction of claims involving domestic-relations issues); *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (holding that where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state courts.") (internal quotation marks omitted); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)

### C. Immune defendants

Even if the Court did not dismiss the complaint under the *Rooker-Feldman* and *Younger* doctrines, the court would not be able to grant relief because the named defendants are immune from suit.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are also immune from civil rights claims for injunctive relief based on actions taken in their judicial capacities, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "A court's control of its docket is . . . a judicial act because it is part of a court's function of resolving disputes between parties. *Mireles*, 502 U.S. at 12 (internal quotation marks and alteration omitted). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

---

(recognizing a domestic relations exception to federal district courts' diversity jurisdiction of state court claims involving divorce, custody, and support).

9

Judicial immunity has also been extended to others who perform functions closely associated with the judicial process, including "administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge,'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)), and other court employees, for their acts that assist a judge in the performance of his or her judicial duties, *see Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Gollomp v. Spitzer*, 568 F.3d at 355, 365 (2d Cir. 2009) (extending judicial immunity to New York Supreme Court law secretary); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk). Plaintiff has not alleged any facts showing that Judge Eisenpress or her law clerk, Shira Krance,[5] acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Szymonik v. Connecticut*, No. 18-CV-0263 (MPS), 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019) (enforcement of pre-filing injunction is judicial in nature (citing *Mireles*)), *aff'd on other grounds*, 807 F. App'x 97 (2d Cir. 2020).

In any event, Plaintiff seeks declaratory and injunctive relief, but she does not allege facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Declaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order.[6] *See, e.g., Coleman v. Hanuszczak,* No. 16-CV-735, 2016 WL 4440483, at *1 (N.D.N.Y. June 28, 2016) (dismissing plaintiff's claims against Family

---

[5] With the exception of alluding to a "past relationship" between Krance and Plaintiff's estranged husband, the complaint does not contain any allegations as to Krance's involvement in what occurred or in allegedly violating Plaintiff's rights.

[6] Available state court records suggest that Plaintiff has appealed state court judgments and orders. *See, e.g.*, *Stampfl v. Stampfl*, No. 2022-03779, 2022 WL 2187707 (2d Dep't 2022); *Id.*, No. 2021-09219, 2022 WL 1790217 (2d Dep't 2022); *Id.*, No. 2021-09221, 2022 WL 1086388 (2d Dep't 2022).

Court judge, including those alleging bias and retaliation, noting that plaintiff was "free to appeal the judge's decision or complain, as she has already done, through the proper state channels.") (citing *McKnight v. Middleton*, 699 F. Supp. 2d 507, 524 (E.D.N.Y. 2010); *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) (dismissing Section 1983 claim for injunctive relief because declaratory relief was available through appeal in state court).

Here, Plaintiff had the ability to appeal any adverse orders in state court, including the denial of the right to a jury trial on the grounds for divorce.[7] *See, e.g, DiStephan v DiStephan*, 106 A.D.2d 603, 606 (2d Dep't Dec. 31, 1984) ("Because we conclude that plaintiff was denied her right to a jury trial, the judgment must be reversed in its entirety and plaintiff must be afforded a new trial.").

**D.    Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

---

[7] Under New York law, the right to a jury trial in a divorce action extends solely to the issue of the grounds for the divorce, and not for other matters such as custody or support. *See Tuper v Tuper*, 946 N.Y.S.2d 719, 722, 2012 WL 2053770 (4th Dep't June 8, 2012) (noting that, under New York Domestic Relations Law § 173, that there is "a right to trial by jury of the issues of the grounds for granting the divorce."); *Nagel v Nagel*, 926 N.Y.S.2d 413, 414, 2011 WL 2381456 (1st Dep't June 16, 2011) (holding that the right to a jury trial extends only to the grounds for granting a divorce and, "once that issue is decided, the jury has no further province.")

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    January 2, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge